UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELLIS MCHALE,

        Petitioner,

v.                        Case No. 3:19-cv-996-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

## **ORDER**

### I. Status

Petitioner Ellis McHale, an inmate of the Florida penal system, initiated this action on August 26, 2019, by filing an unsigned Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). He filed an Amended Petition (Doc. 5) on November 6, 2019.[1] In the Amended Petition, McHale challenges a 2012 state court (Duval County, Florida) judgment of conviction for armed kidnapping, armed burglary, and possession of a firearm by a convicted felon. He raises two grounds for relief. See Amended Petition at 5-9. Respondents have submitted a memorandum in opposition to the Amended Petition, arguing that the Amended Petition is untimely. See Motion to Dismiss Amended

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Petition for Writ of Habeas Corpus (Response; Doc. 8). They also submitted exhibits. See Docs. 8-1 through 8-3. McHale filed a brief in reply. See Response to Respondents' Motion to Dismiss (Reply; Doc. 13). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that McHale has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Response at 1-6. McHale "does not contest [Respondents'] procedural timeline as outlined in their Response." Reply at 1. Nevertheless, he argues that he is actually innocent of the offenses, and therefore, the Court should address the merits of his claims. See id. at 1-2. The following procedural history is relevant to the one-year limitations issue. On December 30, 2010, the State of Florida charged McHale by Information in Duval County case number 16-2010-CF-013313-AXXX-MA with kidnapping with a firearm (count one), armed burglary (count two), possession of a firearm by a convicted felon (count three), and domestic aggravated assault (count four). See Doc. 8-1 at 27-28. On June 27, 2012, McHale entered a guilty plea on counts one, two, and three, and the State agreed that it would nolle pros count four. See id. at 60-61, Plea of Guilty and

3

Negotiated Sentence (Plea Form); see also id. at 96-120, Transcript of the Plea Hearing. On August 7, 2012, the circuit court sentenced McHale to a term of imprisonment of twenty-five years for count one with a mandatory minimum term of ten years to be followed by a fifteen-year probationary period; twenty-five years for count two with a mandatory minimum term of ten years to be followed by a fifteen-year probationary period, to run concurrently with count one; and fifteen years for count three with a mandatory minimum term of three years, to run concurrently with count two. See id. at 63-70, Judgment; see also id. at 121-68, Sentencing Transcript. The court denied McHale's pro se motion to withdraw plea on September 6, 2012. See id. at 79-81, 94.

On direct appeal, McHale, with the benefit of counsel, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). See Doc. 8-1 at 171-77. According to the state-court record, McHale filed a pro se brief, and the State did not file an answer brief. See onlinedocketsdca.flcourts.org, Ellis Stanley McHale v. State of Florida, 1D12-4057 (Fla. 1st DCA). The First District Court of Appeal (First DCA) affirmed McHale's convictions and sentences on January 25, 2013, see Doc. 8-2 at 4, and issued the mandate on February 20, 2013, see id. at 5.

As McHale's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida

4

Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), McHale's convictions and sentences became final when the time for filing a petition for certiorari in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). Therefore, the time for McHale to file a petition for writ of certiorari expired on Thursday, April 25, 2013 (ninety days after January 25, 2013). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, McHale had until April 25, 2014, to file a federal habeas petition. He did not file the instant Petition until August 26, 2019. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

With the one-year limitations period having expired on April 25, 2014, none of McHale's motions filed after April 25, 2014,[2] could toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period

---

[2] See Response at 5-6; see also Docs. 8-2 at 8-163; 8-3.

because "once a deadline has expired, there is nothing left to toll"). Given the record, McHale's August 26, 2019 Petition is untimely filed, and due to be dismissed unless McHale can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on McHale to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

6

To the extent McHale asserts that he can establish cause for his untimeliness under Martinez v. Ryan, 132 S. Ct. 1309 (2012), see Amended Petition at 11-12; 13; Reply at 2, his reliance on Martinez is misplaced. In Martinez, the Court addressed whether ineffective assistance of counsel can constitute cause for procedural default; it neither addressed equitable tolling nor AEDPA's statute of limitations. While the federal limitations period is subject to equitable tolling in certain circumstances, the Eleventh Circuit has rejected the argument that Martinez provides a basis for equitably tolling AEDPA's statute of limitations. See Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1262-63 (11th Cir. 2014); Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 945-47 (11th Cir. 2014); Arthur v. Thomas, 739 F.3d 611, 629-31 (11th Cir. 2014) ("Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in Martinez . . . of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here."); Patrick v. Warden, 828 F. App'x 518, 522 (11th Cir. 2020) (per curiam) ("Martinez has nothing to do with equitable tolling—that case is about procedural default, which addresses when state procedural rules bar federal courts from considering certain habeas claims.") (citations omitted). Accordingly, McHale is not entitled to equitable tolling on this basis.

Additionally, McHale asserts that he is actually innocent and that a "fundamental miscarriage of justice" would occur if the Court does not review the merits of his claims. Reply at 1-2. He argues that his defense counsel failed to investigate the facts related to the charged offenses, which has resulted in "the continual incarceration of a person who is actually innocent." Id. at 2. In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court has instructed:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[3] and House,[4] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And[,] in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

---

[3] Schlup v. Delo, 513 U.S. 298 (1995).

[4] House v. Bell, 547 U.S. 518 (2006).

8

Id. at 386-87. "For purposes of the 'actual innocence' exception to a procedural bar, the petitioner must show 'factual innocence, not mere legal insufficiency.'" Justo v. Culliver, 317 F. App'x 878, 880-81 (11th Cir. 2008) (quoting Bousley v. United States, 523 U.S. 614 (1998)); see Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1012-13 (11th Cir. 2012) (per curiam).

To make a showing of actual innocence,[5] McHale must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). Here, McHale has not offered any new reliable evidence that was not available at the time of his trial. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at that time. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence.

Notably, McHale admitted that he was pleading guilty because he was, in fact, guilty. See Plea Form. At the plea hearing, he stipulated that there was a factual basis for the charges. See Doc. 8-1 at 105. He also affirmed that he

---

[5] To the extent McHale asserts he was mentally impaired or under the influence of drugs, see Amended Petition at 5, the Court reiterates that he is required to show factual innocence, not mere legal insufficiency. See Bousley, 523 U.S. at 623.

9

was satisfied with his lawyer, and that his lawyer answered his questions regarding the plea and generally performed according to McHale's wishes.[6] See id. at 106-07. McHale has presented no new evidence even suggesting that he is actually innocent of the crimes to which he pled guilty. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006). McHale simply has not met the burden of showing that equitable tolling is warranted. He has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If McHale seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, McHale "must demonstrate that reasonable jurists would find the district court's assessment of the

---

[6] A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). As such, McHale's current allegations that are seemingly contradictory to his "solemn declarations" in open court are insufficient to establish an actual innocence claim. Id.

constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. Respondents' request to dismiss (Doc. 8) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

11

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If McHale appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of January, 2022.

MARCIA MORALES HOWARD
United States District Judge

Jax-1 1/10
c:
Ellis McHale, FDOC #J40141
Counsel of Record